IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FREESE AND NICHOLS, INC. | § | |
| | § | |
|   PLAINTIFF. | § | |
| | § | |
| V. | § | CASE NO. 4:22-CV-51 |
| | § | |
| ENVIGO RMS HOLDING CORP. | § | |
| | § | |
|   DEFENDANT. | § | |

**FREESE AND NICHOLS, INC. ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Freese and Nichols, Inc. ("FNI" or "Plaintiff") who files this Original Complaint against Defendant Envigo RMS Holding Corp. and would respectfully show this Honorable Court the following:

**Parties**

1. Plaintiff Freese and Nichols, Inc. is a Texas corporation with offices located at 800 N. Shoreline Blvd., Suite 1600N, Corpus Christi, Texas 78401.

2. Defendant Envigo RMS Holding Corp. is a Delaware corporation with offices located at 8520 Allison Pointe Blvd., Suite 400, Indianapolis 46250. Defendant Envigo RMS Holding Corp. can be served by and through its registered agent Corporation Service Company dba CSC - Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620; Austin, TX 78701-3218.

**Statement of Diversity Jurisdiction**

3. This Court is vested with subject matter jurisdiction over Plaintiff's claims against Defendant in this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00.

**Venue**

4. Venue is proper in the Southern District of Texas, Houston Division, under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims alleged in this matter occurred in the Southern District of Texas, more specifically, within both Harris and Jim Wells Counties.

**Factual Background**

5. Envigo operates a primate breeding and housing facility in Alice, Texas. The facility, which is not connected to the municipal sewer system, generates wastewater in large part due to hosing down and cleaning primate housing which must be safely disposed of. The prior owner of the Alice facility, Covance Laboratories, Inc. ("Covance") hired FNI to design a large evaporation lagoon to dispose of the current wastewater and wastewater from expanded operations in the future.

6. The governing contract is a master professional services agreement dated April 1, 2015 between Freese and Nichols, Inc. ("FNI") and Covance Laboratories, Inc., who was later acquired by Envigo RMS Holding Corp. ("MSA"). That contract included a master planning study and evaluation wherein FNI identified three potential development options to expand Envigo's waste facilities: (1) Full scale expansion of the Water Reclamation Plant with improvements to lagoon system 3 ($5M); (2) the installation of a new large

lagoon system ($2.8M); or (3) Rehabilitation of the three existing lagoon systems ($7.7M without easement acquisition costs). Based on their review of the available options, Covance selected the new large lagoon system, because it was the lowest cost option based on the metered wastewater flows.

7. Under the MSA, this project was further evaluated under a task order dated June 3, 2015. The project was completed under a typical design-bid-build delivery package and the contract for the actual construction was dated August 31, 2017. The selected project included the design and installation of a new evaporation pond that was built to handle wastewater flows from the older primate handling facilities and part of the project included adding a sludge pump station with two pumps. The capacity of this pump station was designed based on assumptions made by the design team after using Envigo provided meters to look at existing sludge flows. To determine the size of the pond, Envigo installed flow meters that it provided along existing lines at the facility to determine how much wastewater flow there was. Unbeknownst to FNI at the time, the meters readouts were apparently off by an order of magnitude as they displayed readouts in 10s of gallons whereas the design team believed the readouts were listed in 1s of gallons.

8. The master planning effort included the metering of five wastewater lift stations to establish a basis for recommended improvements. The flow meters, Toshiba LF654 electromagnetic (mag) meter detectors with Toshiba LF620 converters, were proposed and installed by another company working for Envigo at the time. FNI collected totalizer data from the mag meters for six weeks between October and December 2015. After TCEQ visited the campus in 2017, Envigo engaged FNI to implement the Wastewater Master Plan and proceed with design of the new evaporation pond and a new Public Water System (PWS) to meet TCEQ

requirements. The PWS required a reverse osmosis (RO) system because of the total dissolved solids (TDS) and arsenic in the groundwater. RO creates a waste stream called concentrate which is included in the design capacity of the evaporation pond. The total design capacity of the evaporation pond, including the metered wastewater flows, RO concentrate, and a factor for facility growth, is approximately 7,400 gallons per day (gpd).

9. The design for the new evaporation pond, wastewater system improvements, and PWS was completed in 2018. The Evaporation Pond was completed in compliance with TCEQ General Permit No. WQG100000 and began receiving wastewater flows in August 2019. On a site visit, FNI approximated the volume of wastewater in the evaporation pond by measuring the water surface elevation relative to the top of the pond berm. FNI identified a discrepancy between the anticipated volume in the pond based on the design capacity based on Envigo provided data and the estimated wastewater volume in the pond based on the water surface elevation.

10. The new PWS provides higher, more stable pressures for the campus operations. This results in higher water usage and wastewater flows than were likely metered in 2015. In addition, FNI coordinated with the Toshiba technical support to request a full submittal on the mag meters since one was not provided in 2015. FNI discovered that the mag meters are programmed by Toshiba with a totalizing factor based on the diameter of the mag meter. For the meters installed in 2015, the factor is ten. Each unit displayed on the meter's totalizer is tens-of-gallons. As read in 2015, the units on the meter were interpreted to be gallons.

11. With the information now available, FNI now estimates the evaporation pond inflow to be approximately 22,000 gpd. This includes RO concentrate and wastewater from the lift

stations. As a result, in June 2020 FNI recommended to Envigo that it install five Toshiba meters that were stored on-site and could be installed to determine the actual wastewater flows to the evaporation pond. Additionally, FNI recommended installing the meters to verify the daily flow rates to the evaporation pond. FNI confirmed with Toshiba that the meters do not require factory service or factory calibration after being in storage. FNI also recommended the addition of evaporators to enhance the evaporative capacity of the pond and allow for the management of inflow volume above the design basis. One surface evaporator unit available for this application, the SMI 420F Evaporator, is capable of evaporating 7,200gpd to 12,000gpd depending on temperature, relative humidity, and run schedules. FNI recommended three of these units, or similarly sized evaporators, be installed initially, and Envigo could add evaporators in the future to accommodate campus growth.

12. Throughout the fall of 2020, FNI continued to work with Envigo to find solutions to this issue resulting from Envigo's failure to provide accurate plant data and provide options for the expanding the ponds capacity. In September 2020, FNI offered suggestions including: (1) Modify the existing collection system and expand the water reclamation plant and reclaimed water system; (2) Operate the surface evaporators; (3) Rehab old lagoons; (4) Connect to the City of Alice wastewater plant; or (5) Apply for authorization to land apply industrial reclaimed water for irrigation, dust suppression, and embankment maintenance.

13. In October 2020, FNI provided additional information on connecting to the City of Alice wastewater system (approx. $5M). Additionally, FNI suggested consideration of applying for a wastewater discharge permit and expanding the Water Reclamation Plant for both reclaimed water and the ability to discharge. In November 2020, FNI recommended short,

mid, and long-term solutions. In December 2020, FNI additionally recommended expanding the water reclamation plant and reclaimed water system with more reclaimed water storage and moving forward with the industrial reclaimed water uses (primarily irrigation).

14. On September 29, 2021; Envigo notified FNI that it was terminating the contract for cause, a status disputed by FNI as Envigo was the first breaching party by providing faulty Plant Data in violation of its owner obligations under the contract (the "Breach").

15. As a result of that Breach, FNI has incurred engineering fees and expenses in excess of $75,000 and lost fees expected under the contract in in excess of $75,000. Because of this, FNI seeks a recovery of its damages in excess of $150,000.

## Cause of Action

16. All factual allegations set forth elsewhere in this pleading are incorporated by reference in support of this cause of action.

17. FNI entered into the Contract with the Defendant. Under the Contract, FNI was to provide labor, material, and design services for the construction of the Project. The Defendant was required to provide accurate owner plant data for the basis of that design and to pay FNI for the work provided under the Contract. Despite FNI's full performance of its obligations under the Contract, even after Envigo's breach, Defendant has not paid FNI as required under the Contract for the additional services incurred in correcting Envigo's breach. The Defendant's providing incorrect information and failure to pay is a material breach of contract.

18. The Defendant owes FNI no less than $150,000 and FNI hereby sues for this amount. FNI is also entitled to recover its reasonable and necessary attorneys' fees, court costs,

prejudgment interest, and post-judgment interest, as set forth below and incorporated by reference.

### Conditions Precedent

19. All factual allegations set forth elsewhere in this pleading are incorporated for all purposes.
20. All conditions precedent have been performed, have occurred, or have been waived or excused.

### Attorney's Fees

21. FNI has hired the law firm of Fisk Attorneys, PC, to represent FNI in this matter, and FNI has agreed to pay its attorneys a reasonable fee for their services. Under the Contract between FNI and Defendant, Section 38.001, et seq., of the TEXAS CIVIL PRACTICES AND REMEDIES CODE, and common law, FNI is entitled to recover its reasonable and necessary attorneys' fees and all costs of court against Defendant.

### Interest

22. FNI is also entitled to prejudgment interest on its recovery against Defendant at the highest rate allowed by law. Further, FNI is entitled to post-judgment interest at the highest rate allowed by law from the date of judgment until the satisfaction of same.

### Prayer

23. FNI prays that Defendant be cited to appear and answer, and that FNI be granted judgment against Defendant for each of the following:
    a. upon any of the theories, actions, or causes of action or accounts pleaded above against Defendant for an amount within the jurisdictional limits of the court, and for judgment against Defendant for all relief enumerated (whether generally or specifically) in this Complaint;

b. attorneys' fees;

c. prejudgment interest, at the highest rate allowed by law;

d. post-judgment interest, at the highest rate allowed by law;

e. all costs of court;

f. such other relief, both general and special, at law or in equity, to which FNI may show itself to be justly entitled.

**Respectfully submitted,**

**FISK ATTORNEYS, P.C.**

By: _____
**JAMES B. PRUDEN**
State Bar No. 24090822
jpruden@fiskattorneys.com
2711 N. Haskell Ave.
Suite 1550 – LB 10
Dallas, TX  75204
214/638-3744 - Telephone
214/638-5105 - Facsimile

**ATTORNEY FOR PLAINTIFF**
**FREESE AND NICHOLS, INC.**